**SPENCER, Plaintiff, v. HENDERSON et, Defendants.**

Common Pleas Court, Fayette County.

No. 21752. Decided March 4, 1955.

L. R. Cousineau, Dayton, for plaintiff.
Charles S. Hire, Washington C. H., for defendants.

### OPINION

By CASE, J.

On February 23, 1954, plaintiff filed his petition herein which reads as follows:

"Plaintiff says that he and the defendants entered into an agreement whereby he was to do certain improvements upon the property of the defendants and for such work and materials furnished by said plaintiff, defendants agreed to pay him the sum of $2765.00 and thereafter on December 8, 1953, said defendants delivered to plaintiff their promissory note in that amount conditioned on the completion of the job and as a further part of said contract it was agreed by the parties that the defendants should make application for a mortgage to be placed upon said property in sufficient amount to pay plaintiff for the working labor that was to be performed in the improvement on the property.

"Plaintiff further says that in pursuance to said contract that he began the work upon said property and did furnish certain materials and thereafter the defendants did refuse to make application for the mortgage as provided in the contract or to pay said plaintiff any monies whatsoever. Plaintiff thereupon did notify defendants that he was willing, ready and able to complete his part of the contract and defendants thereafter refused to comply with their contract, and by the refusal of said defendants, plaintiff was unable to complete the work.

"Plaintiff says that as a result of the refusal of defendants to per-

form the terms of their contract plaintiff was unable to do the work on which he had already expended $275.00 in labor and materials and that he was further damaged in reasonable expectation of profit in the amount of $725.00 and therefore he has been damaged in the sum of $1000.00.

"WHEREFORE, plaintiff prays judgment against the defendants in the sum of $1000.00 and for costs herein expended."

On March 27, 1954, defendants filed their answer thereto which reads as follows:

"For answer to plaintiff's petition defendants deny that the agreement of December 8, 1953, set forth in said petition was in existence on and after the 26th day of December, 1953, the same having been superseded by contract between the partis hereto upon said date.

"Defendants further say that under the agreement of December 26, 1953, no payment was to be made to plaintiff until completion of the work in accordance with said contract; that plaintiff was to procure financing for defendants upon completion of said work; that plaintiff has failed and refused to complete the work in accordance with said contract and has failed and refused to procure financing on the Real Estate of defendants herein, in accordance with said agreement of December 26, 1953.

"WHEREFORE, defendants pray the plaintiff's petition be dismissed and that they recover their costs herein expended."

On October 22, 1954, Plaintiff filed his reply to defendants' answer, and said reply reads as follows:

"Now comes the Plaintiff herein and for his Reply to Defendants' Answer admits that on the 26th day of December, 1953, there was a modification of the contract of December 8, 1953.

"Plaintiff further admits that payment was to be made on the completion of the work but Defendants refused to permit Plaintiff to complete the work and ordered the workmen of Plaintiff to leave the premises.

"Plaintiff replying further to the Answer of Defendants says that the modification of the contract was only pertaining to certain work that was to be done by defendants themselves and that the deduction in price upon said contract was a credit for such work that was to be done by defendants.

"Further replying to the Answer of Defendants, Plaintiff says that at no time were they to procure financing for the defendants and denies such allegations in the Answer of defendants.

"Further replying, Plaintiff says that as a result of the refusal of the defendants to permit plaintiff to complete his contract, he has been damaged in the sum of ONE THOUSAND DOLLARS ($1,000.00) and renews his prayer for ONE THOUSAND DOLLARS ($1,000.00) as judgment against defendants and for costs herein expended."

On October 29, 1954, defendants filed their motion to strike said reply, and said motion and memorandum in support thereof read as follows:

"Now come the defendants, by their attorney, and move the Court to strike, and dismiss reply to plaintiff filed in the above entitled action for the following reasons, to-wit:

"1. That same is a departure from plaintiff's petition and sets up a new cause of action.

"2. That said reply is not consistent with and in accordance with provisions of §2309.24 R. C., of State of Ohio."

### "MEMORANDA

"Defendants cite as authority in support of the above motion §2309.24 R. C., State of Ohio; the case of **Durbin v. Fisk, 16 Oh St 533;** Bowman v. Railway, 1 C. C. 65 and Kehm v. Insurance Company, 12 D. 231."

.The files and records in this cause fail to show that any memorandum contra said motion has been filed on behalf of said plaintiff.

In **31 O. Jur., at pages 797 and 798, Section 214,** it is stated in part as follows:

" 'Departure' is the term usually applied where the reply of the plaintiff departs from the cause of action stated in the petition.

"New matter set up in a reply, by the terms of the Code, must be consistent with the petition—must be connected with the cause of action set out in the petition. It is not the province of a reply, nor is it permissible for it, to introduce new causes of action; this must be done, if at all, by amendment to the petition. A plaintiff can recover only on the cause of action stated in his petition, and not on a cause stated in the reply. In other words, a reply which is a departure from the cause of action set forth in the petition and sets forth a new cause of action, is not permissible.

"Under the authorities, if a petition alleges performance of a contract, and the reply admits non-performance and alleges an excuse for non-performance, there is a departure."

"* * *

"A proper test of departure is whether evidence of the facts alleged by the reply is admissible under the allegations of the petition. * * *"

Sec. 2309.24 R. C., reads as follows:

"When an answer contains new matter, the plaintiff may reply to it, denying generally or specifically each allegation controverted by him. He also may allege, in ordinary and concise language, new matter, not inconsistent with the petition, constituting an answer to such new matter."

Plaintiff's petition clearly alleges a contractual agreement reached and entered into between the parties on December 8, 1953; and the cause of action therein set forth is bottomed solely upon the obligation so created and alleged to exist by reason of the contract so made and entered into. In other words, the cause of action set forth in plaintiff's petition is based solely upon certain contractual relations and obligations as they existed on a date certain namely, December 8, 1953.

On the other hand, defendants' answer denies "that the agreement of December 8, 1953, set forth in said petition was in existence on and after the 26th day of December, 1953, the same having been superseded by contract between the parties hereto upon said date" (said date being December 26, 1953). Plaintiff's reply to defendants' answer "admits that on the 26th day of December, 1953, there was a modification of the contract of December 8, 1953," and further alleges that "Defendants refused to permit Plaintiff to complete the work and ordered the workmen of Plaintiff to leave the premises," and "that as a result of the

refusal of the defendants to permit plaintiff to complete his contract, he has been damaged in the sum of ONE THOUSAND DOLLARS * * *."

Therefore, it appears that plaintiff's reply clearly admits a departure from the contract alleged in plaintiff's petition and that plaintiff's reply sets forth a cause of action on a new and different contract and raises issues not mentioned and set forth in plaintiff's petition.

Upon due consideration of the authorities cited in defendants' motion and memoranda in support thereof and the law hereinabove quoted from **31 O. Jur.** as follows:

"* * * A plaintiff can recover only on the cause of action stated in his petition, and not on a cause stated in the reply. * * *"
the court finds that defendants' motion to strike and dismiss plaintiff's reply herein is well made and should be sustained in its entirety.

The court further finds that counsel for defendants should prepare an entry accordingly with appropriate notation therein of exception on behalf of plaintiff and thereupon submit same to counsel for plaintiff and to this court for approval within ten days.